**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

FRANK GARRIDO, on behalf of         :
himself and others similarly        :   No.
situated,                           :
                                    :
        Plaintiff,                  :
                                    :   **COMPLAINT – CLASS ACTION**
v.                                  :
                                    :
CALLCORE MEDIA INC.                 :   **JURY TRIAL DEMANDED**
        Defendant.                  :
                                    :
_____/

Plaintiff Frank Garrido, individually and on behalf of all others similarly

situated, alleges on personal knowledge, investigation of his counsel, and on

information and belief, as follows:

## <u>NATURE OF ACTION</u>

1.       As the Supreme Court has explained, "Americans passionately

disagree about many things. But they are largely united in their disdain for

robocalls. The Federal Government receives a staggering number of complaints

about robocalls—3.7 million complaints in 2019 alone. The States likewise field a

constant barrage of complaints. For nearly 30 years, the people's representatives in

Congress have been fighting back. As relevant here, the Telephone Consumer

Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell

phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     This case involves a campaign by CallCore Media, Inc. ("CallCore") to market insurance services through the use of pre-recorded telemarketing calls, including to numbers on the National Do Not Call Registry, in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (hereinafter referred to as the "TCPA").

3.     Because the calls to Plaintiff were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

4.     A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5.     Plaintiff is, and at all times mentioned herein was, an individual citizen of Florida.

6.      Defendant CallCore Media Inc. is a Florida corporation with its principal place of business in Daytona Beach, FL.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8.      This Court has personal jurisdiction over CallCore because the company resides in this District and is registered to do business in this District.

9.      Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because the telephone calls at issue were sent from this District and Defendant CallCore resides here.

## TCPA BACKGROUND

### The TCPA Prohibits Automated Telemarketing Calls

10.      The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to

any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

12.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.  Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do Not Call Registry

14.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

15.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."  *Id*.

16.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## **FACTUAL ALLEGATIONS**

17.     Defendant CallCore is a "person" as the term is defined by 47 U.S.C. § 153(39).

18.     Plaintiff Garrido's cellular telephone number, (813) 625-XXXX, is registered on the National Do Not Call Registry and has been since June 1, 2021.

19.     Plaintiff Garrido received pre-recorded telemarketing calls from the Defendant CallCore promoting insurance products on June 8 and 15, 2021 to his number (813) 625-XXXX.

20.     The Plaintiff also believes he got pre-recorded calls from CallCore on June 1 and 4, as well as July 23 and 26, 2021.

21.     The pre-recorded message stated that the purpose of the call was to find the Plaintiff health insurance.

22.     After the pre-recorded portion of the June 8, 2021 call, the Plaintiff was ultimately transferred to a live agent "Steve Jones".

23.     During this call, the Plaintiff was informed that he could save money on his co-payments for drug prescriptions if he signed up.

24.     After the pre-recorded portion of the June 15, 2021 call, the Plaintiff was transferred to another live agent.

25.     During this call, the Plaintiff was again informed that he could save money on his co-payments for drug prescriptions if he signed up for the services offered.

26.     Plaintiff did not provide his prior express written consent to receive the telemarketing call at issue.

27.     The calls were not necessitated by an emergency.

6

28.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

30.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint and through trial (4) using an identical or substantially similar pre-recorded message used to place a telephone call to Plaintiff.

31.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of this class as he has no interests that conflict with any of the class members.

32.     Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and

employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

33.   Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

34.   This Class Action Complaint seeks injunctive relief and money damages.

35.   The Class as defined above are identifiable through the Defendant' dialer records, other phone records, and phone number databases.

36.   Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

37.   The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

38.   Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

39.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

40.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

> (a) Whether the Defendant used pre-recorded message to send telemarketing calls;
>
> (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;
>
> (c) whether Defendant' conduct constitutes a violation of the TCPA; and
>
> (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant' conduct.

41.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has no interests which are antagonistic to any member of the Class.

42.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this

action on behalf of the other members of the Class, and have the financial resources to do so.

43.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

44.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

45.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. 227(b)) on behalf of the Robocall Class

46.    Plaintiff incorporates the allegations from paragraphs 1-45 as if fully set forth herein.

47.    The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute

numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

48.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49.     If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

50.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

B.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.     Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Respectfully Submitted,

**Plaintiff Garrido**, individually and on behalf of those similarly situated individuals

Dated: December 9, 2021          */s/ Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com

KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative class*